Michael C. LIDDELL, a minor, by Minnie LIDDELL, his mother and next friend; Kendra Liddell, a minor, by Minnie Liddell, her mother and next friend; Minnie Liddell; Roderick D. LeGrand, a minor, by Lois LeGrand, his mother and next friend; Lois LeGrand; Clodis Yarber, a minor, by Samuel Yarber, his father and next friend; Samuel Yarber; Earline Caldwell; Lillie Caldwell;

Gwendolyn Daniels; National Association for the Advancement of Colored People; United States of America, Plaintiffs–Appellees,

City of St. Louis, Plaintiff,

v.

The BOARD OF EDUCATION OF THE CITY OF ST. LOUIS; Hattie R. Jackson, President, Board of Education of the City of St. Louis; Rev. Earl E. Nance, Jr., a member of the Board of Education of the City of St. Louis; Renni B. Shuter, a member of the Board of Education of the City of St. Louis; Paula V. Smith, a member of the Board of Education of the City of St. Louis; Dr. Albert D. Bender, Sr., a member of the Board of Education of the City of St. Louis; Eddie G. Davis, a member of the Board of Education of the City of St. Louis; Dr. John P. Mahoney, a member of the Board of Education of the City of St. Louis; Marybeth McBryan, a member of the Board of Education of the City of St. Louis; Thomas M. Nolan, a member of the Board of Education of the City of St. Louis; William Purdy, a member of the Board of Education of the City of St. Louis; Robbyn G. Wahby, a member of the Board of Education of the City of St. Louis; Madye Henson Whithead, a member of the Board of Education of the City of St. Louis; Dr. Cleveland Hammonds, Jr., Superintendent of Schools for the City of St. Louis, Defendants–Appellees,

Ronald Leggett, St. Louis Collector of Revenue, Defendant,

State of Missouri; Mel Carnahan, Governor of the State of Missouri; Jeremiah (Jay) W. Nixon, Attorney General; Bob Holden, Treasurer; Richard A. Hanson, Commissioner of Administration; Robert E. Bartman, Commissioner of Education; Missouri State Board of Education, and its members; Thomas R. Davis; Gary M. Cunningham; Sharon M. Williams; Peter F. Herschend; Jacqueline D. Wellington; Betty E. Preston; Russell V. Thompson; Rice Pete Burns, Defendants–Appellees,

Special School District of St. Louis County, Defendant–Appellant,

Affton Board of Education; Bayless Board of Education; Brentwood Board of Education; Clayton Board of Education; Ferguson–Florissant Board of Education; Hancock Place Board of Education; Hazelwood Board of Education; Jennings Board of Education; Kirkwood Board of Education; LaDue Board of Education; Lindbergh Board of Education; Maplewood–Richmond Heights Board of Education; Mehlville Board of Education; Normandy Board of Education; Parkway Board of Education; Pattonville Board of Education; Ritenour Board of Education; Riverview Gardens Board of Education; Rockwood Board of Education; University City Board of Education; Valley Park Board of Education; Webster Groves Board of Education; Wellston Board of Education; St. Louis County; Buzz Westfall, County Executive; James Baker, Director of Administration, St. Louis County, Missouri; Robert H. Peterson, Collector of St. Louis County "Contract Account," St. Louis County, Missouri, Defendants,

The St. Louis Career Education District, Defendant–Appellee,

St. Louis Teachers' Union, Local 420, AFT, AFL–CIO, Intervenor Below.

Michael C. LIDDELL, a minor, by Minnie LIDDELL, his mother and next friend; Kendra Liddell, a minor, by Minnie Liddell, her mother and next friend; Minnie Liddell; Roderick D. LeGrand, a minor, by Lois LeGrand, his mother and next friend; Lois LeGrand; Clodis Yarber, a minor, by Samuel Yarber, his fa-

ther and next friend; Samuel Yarber; Earline Caldwell; Lillie Caldwell; Gwendolyn Daniels; National Association for the Advancement of Colored People; United States of America, Plaintiffs–Appellees,

City of St. Louis, Plaintiff,

v.

The BOARD OF EDUCATION OF THE CITY OF ST. LOUIS; Hattie R. Jackson, President, Board of Education of the City of St. Louis; Rev. Earl E. Nance, Jr., a member of the Board of Education of the City of St. Louis; Renni B. Shuter, a member of the Board of Education of the City of St. Louis; Paula V. Smith, a member of the Board of Education of the City of St. Louis; Dr. Albert D. Bender, Sr., a member of the Board of Education of the City of St. Louis; Eddie G. Davis, a member of the Board of Education of the City of St. Louis; Dr. John P. Mahoney, a member of the Board of Education of the City of St. Louis; Marybeth McBryan, a member of the Board of Education of the City of St. Louis; Thomas M. Nolan, a member of the Board of Education of the City of St. Louis; William Purdy, a member of the Board of Education of the City of St. Louis; Robbyn G. Wahby, a member of the Board of Education of the City of St. Louis; Madye Henson Whithead, a member of the Board of Education of the City of St. Louis; Dr. Cleveland Hammonds, Jr., Superintendent of Schools for the City of St. Louis; Ronald Leggett, St. Louis Collector of Revenue, Defendants,

State of Missouri; Mel Carnahan, Governor of the State of Missouri; Jeremiah (Jay) W. Nixon, Attorney General; Bob Holden, Treasurer; Richard A. Hanson, Commissioner of Administration; Robert E. Bartman, Commissioner of Education; Missouri State Board of Education, and its members; Thomas R. Davis; Gary M. Cunningham; Sharon M. Williams; Peter F. Herschend; Jacqueline D. Wellington; Betty E. Preston; Russell V. Thompson; Rice Pete Burns, Defendants–Appellees,

Special School District of St. Louis County, Defendant,

Affton Board of Education; Bayless Board of Education; Brentwood Board of Education; Clayton Board of Education, Defendants–Appellants,

Ferguson–Florissant Board of Education, Defendant,

Hancock Place Board of Education; Hazelwood Board of Education, Defendants–Appellants,

Jennings Board of Education, Defendant,

Kirkwood Board of Education; LaDue Board of Education; Lindbergh Board of Education, Defendants–Appellants,

Maplewood–Richmond Heights Board of Education, Defendant,

Mehlville Board of Education, Defendant–Appellant,

Normandy Board of Education; Parkway Board of Education, Defendants,

Pattonville Board of Education; Ritenour Board of Education, Defendants–Appellants,

Riverview Gardens Board of Education, Defendant,

Rockwood Board of Education, Defendant–Appellant,

University City Board of Education, Defendant,

Valley Park Board of Education; Webster Groves Board of Education, Defendants–Appellants,

1204

Wellston Board of Education; St. Louis County; Buzz Westfall, County Executive; James Baker, Director of Administration, St. Louis County, Missouri; Robert H. Peterson, Collector of St. Louis County "Contract Account," St. Louis County, Missouri, Defendants,

The St. Louis Career Education District, Defendant–Appellee,

St. Louis Teachers' Union, Local 420, AFT, AFL–CIO, Intervenor Below.

Michael C. LIDDELL, a minor, by Minnie LIDDELL, his mother and next friend; Kendra Liddell, a minor, by Minnie Liddell, her mother and next friend; Minnie Liddell; Roderick D. LeGrand, a minor, by Lois LeGrand, his mother and next friend; Lois LeGrand; Clodis Yarber, a minor, by Samuel Yarber, his father and next friend; Samuel Yarber; Earline Caldwell; Lillie Caldwell; Gwendolyn Daniels; National Association for the Advancement of Colored People; United States of America; City of St. Louis, Plaintiffs,

v.

The BOARD OF EDUCATION OF THE CITY OF ST. LOUIS, Defendant–Appellant,

Hattie R. Jackson, President, The Board of Education of the City of St. Louis; Rev. Earl E. Nance, Jr., a member of the Board of Education of the City of St. Louis; Renni B. Shuter, a member of the Board of Education; of the City of St. Louis; Paula V. Smith, a member of the Board of Education of the City of St. Louis; Dr. Albert D. Bender, Sr., a member of the Board of Education of the City of St. Louis; Eddie G. Davis, a member of the Board of Education of the City of St. Louis; Dr. John P. Mahoney, a member of the Board of Education of the City of St. Louis; Marybeth McBryan, a member of the Board of Education of the City of St. Louis;

Thomas M. Nolan, a member of the Board of Education of the City of St. Louis; William Purdy, a member of the Board of Education of the City of St. Louis; Robbyn G. Wahby, a member of the Board of Education of the City of St. Louis; Madye Henson Whithead, a member of the Board of Education of the City of St. Louis; Dr. Cleveland Hammonds, Jr., Superintendent of Schools for the City of St. Louis; Ronald Leggett, St. Louis Collector of Revenue, Defendants,

State of Missouri; Mel Carnahan, Governor of the State of Missouri; Jeremiah (Jay) W. Nixon, Attorney General; Bob Holden, Treasurer; Richard A. Hanson, Commissioner of Administration; Robert E. Bartman, Commissioner of Education; Missouri State Board of Education, and its members; Thomas R. Davis; Gary M. Cunningham; Sharon M. Williams; Peter F. Herschend; Jacqueline D. Wellington; Betty E. Preston; Russell V. Thompson; Rice Pete Burns, Defendants–Appellees,

Special School District of St. Louis County, Defendant,

Affton Board of Education; Bayless Board of Education; Brentwood Board of Education; Clayton Board of Education; Ferguson–Florissant Board of Education; Hancock Place Board of Education; Hazelwood Board of Education; Jennings Board of Education; Kirkwood Board of Education; LaDue Board of Education; Lindbergh Board of Education; Maplewood–Richmond Heights Board of Education; Mehlville Board of Education; Normandy Board of Education; Parkway Board of Education; Pattonville Board of Education; Ritenour Board of Education; Riverview Gardens Board of Education; Rockwood Board of Education; University City Board of Education; Valley Park Board of Education; Webster Groves Board of Education; Wellston Board of Education; St. Louis County;

Buzz Westfall, County Executive; James Baker, Director of Administration, St. Louis County, Missouri; Robert H. Peterson, Collector of St. Louis County "Contract Account," St. Louis County, Missouri, Defendants,

The St. Louis Career Education District, Defendant–Appellee,

St. Louis Teachers' Union, Local 420, AFT, AFL–CIO, Intervenor Below.

Michael C. LIDDELL, a minor, by Minnie LIDDELL, his mother and next friend; Kendra Liddell, a minor, by Minnie Liddell, her mother and next friend; Minnie Liddell; Roderick D. LeGrand, a minor, by Lois LeGrand, his mother and next friend; Lois LeGrand; Clodis Yarber, a minor, by Samuel Yarber, his father and next friend; Samuel Yarber; Earline Caldwell; Lillie Caldwell; Gwendolyn Daniels; National Association for the Advancement of Colored People; United States of America, Plaintiffs–Appellees,

City of St. Louis, Plaintiff,

v.

The BOARD OF EDUCATION OF THE CITY OF ST. LOUIS; Hattie R. Jackson, President, Board of Education of the City of St. Louis; Rev. Earl E. Nance, Jr., a member of the Board of Education of the City of St. Louis; Renni B. Shuter, a member of the Board of Education; of the City of St. Louis; Paula V. Smith, a member of the Board of Education of the City of St. Louis; Dr. Albert D. Bender, Sr., a member of the Board of Education of the City of St. Louis; Eddie G. Davis, a member of the Board of Education of the City of St. Louis; Dr. John P. Mahoney, a member of the Board of Education of the City of St. Louis; Marybeth McBryan, a member of the Board of Education of the City of St. Louis; Thomas M. Nolan, a member of the Board of Education of

the City of St. Louis; William Purdy, a member of the Board of Education of the City of St. Louis; Robbyn G. Wahby, a member of the Board of Education of the City of St. Louis; Madye Henson Whithead, a member of the Board of Education of the City of St. Louis; Dr. Cleveland Hammonds, Jr., Superintendent of Schools for the City of St. Louis; Ronald Leggett, St. Louis Collector of Revenue, Defendants,

State of Missouri; Mel Carnahan, Governor of the State of Missouri; Jeremiah (Jay) W. Nixon, Attorney General; Bob Holden, Treasurer; Richard A. Hanson, Commissioner of Administration; Robert E. Bartman, Commissioner of Education; Missouri State Board of Education, and its members; Thomas R. Davis; Gary M. Cunningham; Sharon M. Williams; Peter F. Herschend; Jacqueline D. Wellington; Betty E. Preston; Russell V. Thompson; Rice Pete Burns, Defendants–Appellants,

Special School District of St. Louis County; Affton Board of Education; Bayless Board of Education; Brentwood Board of Education; Clayton Board of Education; Ferguson–Florissant Board of Education; Hancock Place Board of Education; Hazelwood Board of Education; Jennings Board of Education; Kirkwood Board of Education; LaDue Board of Education; Lindbergh Board of Education; Maplewood–Richmond Heights Board of Education; Mehlville Board of Education; Normandy Board of Education; Parkway Board of Education; Pattonville Board of Education; Ritenour Board of Education; Riverview Gardens Board of Education; Rockwood Board of Education; University City Board of Education; Valley Park Board of Education; Webster Groves Board of Education; Wellston Board of Education; St. Louis County;

Buzz Westfall, County Executive; James Baker, Director of Administration, St. Louis County, Missouri; Robert H. Peterson, Collector of St. Louis County "Contract Account," St. Louis County, Missouri, Defendants,

The St. Louis Career Education District, Defendant–Appellee,

St. Louis Teachers' Union, Local 420, AFT, AFL–CIO, Intervenor Below.

Michael C. LIDDELL, a minor, by Minnie LIDDELL, his mother and next friend; Kendra Liddell, a minor, by Minnie Liddell, her mother and next friend; Minnie Liddell; Roderick D. LeGrand, a minor, by Lois LeGrand, his mother and next friend; Lois LeGrand; Clodis Yarber, a minor, by Samuel Yarber, his father and next friend; Samuel Yarber; Earline Caldwell; Lillie Caldwell; Gwendolyn Daniels; National Association for the Advancement of Colored People; United States of America, Plaintiffs–Appellees,

City of St. Louis, Plaintiff,

v.

The BOARD OF EDUCATION OF THE CITY OF ST. LOUIS; Hattie R. Jackson, President, Board of Education of the City of St. Louis; Rev. Earl E. Nance, Jr., a member of the Board of Education of the City of St. Louis; Renni B. Shuter, a member of the Board of Education; of the City of St. Louis; Paula V. Smith, a member of the Board of Education of the City of St. Louis; Dr. Albert D. Bender, Sr., a member of the Board of Education of the City of St. Louis; Eddie G. Davis, a member of the Board of Education of the City of St. Louis; Dr. John P. Mahoney, a member of the Board of Education of the City of St. Louis; Marybeth McBryan, a member of the Board of Education of the City of St. Louis; Thomas M. Nolan, a member of the Board of Education of the City of St. Louis; William Purdy, a member of the Board of Education of the City of St. Louis; Robbyn G. Wahby, a member of the Board of Education of the City of St. Louis; Madye Henson Whithead, a member of the Board of Education of the City of St. Louis; Dr. Cleveland Hammonds, Jr., Superintendent of Schools for the City of St. Louis; Ronald Leggett, St. Louis Collector of Revenue, Defendants,

State of Missouri; Mel Carnahan, Governor of the State of Missouri; Jeremiah (Jay) W. Nixon, Attorney General; Bob Holden, Treasurer; Richard A. Hanson, Commissioner of Administration; Robert E. Bartman, Commissioner of Education; Missouri State Board of Education, and its members; Thomas R. Davis; Gary M. Cunningham; Sharon M. Williams; Peter F. Herschend; Jacqueline D. Wellington; Betty E. Preston; Russell V. Thompson; Rice Pete Burns, Defendants–Appellants,

Special School District of St. Louis County; Affton Board of Education; Bayless Board of Education; Brentwood Board of Education; Clayton Board of Education; Ferguson–Florissant Board of Education; Hancock Place Board of Education; Hazelwood Board of Education; Jennings Board of Education; Kirkwood Board of Education; LaDue Board of Education; Lindbergh Board of Education; Maplewood–Richmond Heights Board of Education; Mehlville Board of Education; Normandy Board of Education; Parkway Board of Education; Pattonville Board of Education; Ritenour Board of Education; Riverview Gardens Board of Education; Rockwood Board of Education; University City Board of Education; Valley Park Board of Education; Webster Groves Board of Education; Wellston Board of Education; St. Louis County;

Buzz Westfall, County Executive; James Baker, Director of Administration, St. Louis County, Missouri; Robert H. Peterson, Collector of St. Louis County "Contract Account," St. Louis County, Missouri, Defendants,

The St. Louis Career Education District, Defendant–Appellee,

St. Louis Teachers' Union, Local 420, AFT, AFL–CIO, Intervenor Below.

Michael C. LIDDELL, a minor, by Minnie LIDDELL, his mother and next friend; Kendra Liddell, a minor, by Minnie Liddell, her mother and next friend; Minnie Liddell; Roderick D. LeGrand, a minor, by Lois LeGrand, his mother and next friend; Lois LeGrand; Clodis Yarber, a minor, by Samuel Yarber, his father and next friend; Samuel Yarber; Earline Caldwell; Lillie Caldwell; Gwendolyn Daniels; National Association for the Advancement of Colored People; United States of America, Plaintiffs–Appellees,

City of St. Louis, Plaintiff,

v.

The BOARD OF EDUCATION OF THE CITY OF ST. LOUIS; Hattie R. Jackson, President, Board of Education of the City of St. Louis; Rev. Earl E. Nance, Jr., a member of the Board of Education of the City of St. Louis; Renni B. Shuter, a member of the Board of Education; of the City of St. Louis; Paula V. Smith, a member of the Board of Education of the City of St. Louis; Dr. Albert D. Bender, Sr., a member of the Board of Education of the City of St. Louis; Eddie G. Davis, a member of the Board of Education of the City of St. Louis; Dr. John P. Mahoney, a member of the Board of Education of the City of St. Louis; Marybeth McBryan, a member of the Board of Education of the City of St. Louis; Thomas M. Nolan,

a member of the Board of Education of the City of St. Louis; William Purdy, a member of the Board of Education of the City of St. Louis; Robbyn G. Wahby, a member of the Board of Education of the City of St. Louis; Madye Henson Whithead, a member of the Board of Education of the City of St. Louis; Dr. Cleveland Hammonds, Jr., Superintendent of Schools for the City of St. Louis, Defendants–Appellees,

Ronald Leggett, St. Louis Collector of Revenue; State of Missouri; Mel Carnahan, Governor of the State of Missouri; Jeremiah (Jay) W. Nixon, Attorney General; Bob Holden, Treasurer; Richard A. Hanson, Commissioner of Administration; Robert E. Bartman, Commissioner of Education; Missouri State Board of Education, and its members; Thomas R. Davis; Sharon M. Williams; Peter F. Herschend; Jacqueline D. Wellington; Betty E. Preston; Russell V. Thompson; Rice Pete Burns, Defendants,

Special School District of St. Louis County, Defendant–Appellant,

Affton Board of Education; Bayless Board of Education; Brentwood Board of Education; Clayton Board of Education; Ferguson–Florissant Board of Education; Hancock Place Board of Education; Hazelwood Board of Education; Jennings Board of Education; Kirkwood Board of Education; LaDue Board of Education; Lindbergh Board of Education; Maplewood–Richmond Heights Board of Education; Mehlville Board of Education; Normandy Board of Education; Parkway Board of Education; Pattonville Board of Education; Ritenour Board of Education; Riverview Gardens Board of Education; Rockwood Board of Education; University City Board of Education; Valley Park Board of Education; Webster Groves Board of Education; Wellston Board of Education; St. Louis County;

Buzz Westfall, County Executive; James Baker, Director of Administration, St. Louis County, Missouri; Robert H. Peterson, Collector of St. Louis County "Contract Account," St. Louis County, Missouri, Defendants,

The St. Louis Career Education District, Defendant–Appellee,

St. Louis Teachers' Union, Local 420, AFT, AFL–CIO, Intervenor Below.

Michael C. LIDDELL, a minor, by Minnie LIDDELL, his mother and next friend; Kendra Liddell, a minor, by Minnie Liddell, her mother and next friend; Minnie Liddell; Roderick D. LeGrand, a minor, by Lois LeGrand, his mother and next friend; Lois LeGrand; Clodis Yarber, a minor, by Samuel Yarber, his father and next friend; Samuel Yarber; Earline Caldwell; Lillie Caldwell; Gwendolyn Daniels; National Association for the Advancement of Colored People; United States of America; Plaintiffs–Appellees;

City of St. Louis, Plaintiff,

v.

The BOARD OF EDUCATION OF THE CITY OF ST. LOUIS; Hattie R. Jackson, President, Board of Education of the City of St. Louis; Rev. Earl E. Nance, Jr., a member of the Board of Education of the City of St. Louis; Renni B. Shuter, a member of the Board of Education; of the City of St. Louis; Paula V. Smith, a member of the Board of Education of the City of St. Louis; Dr. Albert D. Bender, Sr., a member of the Board of Education of the City of St. Louis; Eddie G. Davis, a member of the Board of Education of the City of St. Louis; Dr. John P. Mahoney, a member of the Board of Education of the City of St. Louis; Marybeth McBryan, a member of the Board of Education of the City of St. Louis; Thomas M. Nolan,

a member of the Board of Education of the City of St. Louis; William Purdy, a member of the Board of Education of the City of St. Louis; Robbyn G. Wahby, a member of the Board of Education of the City of St. Louis; Madye Henson Whithead, a member of the Board of Education of the City of St. Louis; Dr. Cleveland Hammonds, Jr., Superintendent of Schools for the City of St. Louis, Defendants–Appellees,

Ronald Leggett, St. Louis Collector of Revenue, Defendant,

State of Missouri; Mel Carnahan, Governor of the State of Missouri; Jeremiah (Jay) W. Nixon, Attorney General; Bob Holden, Treasurer; Richard A. Hanson, Commissioner of Administration; Robert E. Bartman, Commissioner of Education; Missouri State Board of Education, and its members; Thomas R. Davis; Sharon M. Williams; Peter F. Herschend; Jacqueline D. Wellington; Betty E. Preston; Russell V. Thompson; Rice Pete Burns, Defendants–Appellants,

Special School District of St. Louis County; Affton Board of Education; Bayless Board of Education; Brentwood Board of Education; Clayton Board of Education; Ferguson–Florissant Board of Education; Hancock Place Board of Education; Hazelwood Board of Education; Jennings Board of Education; Kirkwood Board of Education; LaDue Board of Education; Lindbergh Board of Education; Maplewood–Richmond Heights Board of Education; Mehlville Board of Education; Normandy Board of Education; Parkway Board of Education; Pattonville Board of Education; Ritenour Board of Education; Riverview Gardens Board of Education; Rockwood Board of Education; University City Board of Education; Valley Park Board of Education; Webster Groves Board of Education; Wellston Board of Education; St. Louis County;

Buzz Westfall, County Executive; James Baker, Director of Administration, St. Louis County, Missouri; Robert H. Peterson, Collector of St. Louis County "Contract Account," St. Louis County, Missouri, Defendants,

The St. Louis Career Education District, Defendant–Appellee,

St. Louis Teachers' Union, Local 420, AFT, AFL–CIO, Intervenor Below.

Michael C. LIDDELL, a minor, by Minnie LIDDELL, his mother and next friend; Kendra Liddell, a minor, by Minnie Liddell, her mother and next friend; Minnie Liddell; Roderick D. LeGrand, a minor, by Lois LeGrand, his mother and next friend; Lois LeGrand; Clodis Yarber, a minor, by Samuel Yarber, his father and next friend; Samuel Yarber; Earline Caldwell; Lillie Caldwell; Gwendolyn Daniels; National Association for the Advancement of Colored People; United States of America, Plaintiffs–Appellees,

City of St. Louis, Plaintiff,

v.

The BOARD OF EDUCATION OF THE CITY OF ST. LOUIS; Hattie R. Jackson, President, Board of Education of the City of St. Louis; Rev. Earl E. Nance, Jr., a member of the Board of Education of the City of St. Louis; Renni B. Shuter, a member of the Board of Education; of the City of St. Louis; Paula V. Smith, a member of the Board of Education of the City of St. Louis; Dr. Albert D. Bender, Sr., a member of the Board of Education of the City of St. Louis; Eddie G. Davis, a member of the Board of Education of the City of St. Louis; Dr. John P. Mahoney, a member of the Board of Education of the City of St. Louis; Marybeth McBryan, a member of the Board of Education of

the City of St. Louis; Thomas M. Nolan, a member of the Board of Education of the City of St. Louis; William Purdy, a member of the Board of Education of the City of St. Louis; Robbyn G. Wahby, a member of the Board of Education of the City of St. Louis; Madye Henson Whithead, a member of the Board of Education of the City of St. Louis; Dr. Cleveland Hammonds, Jr., Superintendent of Schools for the City of St. Louis, Defendants–Appellees,

Ronald Leggett, St. Louis Collector of Revenue; State of Missouri; Mel Carnahan, Governor of the State of Missouri; Jeremiah (Jay) W. Nixon, Attorney General; Bob Holden, Treasurer; Richard A. Hanson, Commissioner of Administration; Robert E. Bartman, Commissioner of Education; Missouri State Board of Education, and its members; Thomas R. Davis; Sharon M. Williams; Peter F. Herschend; Jacqueline D. Wellington; Betty E. Preston; Russell V. Thompson; Rice Pete Burns, Defendants,

Special School District of St. Louis County, Defendant–Appellant,

Affton Board of Education; Bayless Board of Education; Brentwood Board of Education; Clayton Board of Education; Ferguson–Florissant Board of Education; Hancock Place Board of Education; Hazelwood Board of Education; Jennings Board of Education; Kirkwood Board of Education; LaDue Board of Education; Lindbergh Board of Education; Maplewood–Richmond Heights Board of Education; Mehlville Board of Education; Normandy Board of Education; Parkway Board of Education; Pattonville Board of Education; Ritenour Board of Education; Riverview Gardens Board of Education; Rockwood Board of Education; Univer-

sity City Board of Education; Valley Park Board of Education; Webster Groves Board of Education; Wellston Board of Education; St. Louis County; Buzz Westfall, County Executive; James Baker, Director of Administration, St. Louis County, Missouri; Robert H. Peterson, Collector of St. Louis County "Contract Account," St. Louis County, Missouri, Defendants,

The St. Louis Career Education District, Defendant–Appellee,

St. Louis Teachers' Union, Local 420, AFT, AFL–CIO, Intervenor Below.

Michael C. LIDDELL, a minor, by Minnie LIDDELL, his mother and next friend; Kendra Liddell, a minor, by Minnie Liddell, her mother and next friend; Minnie Liddell; Roderick D. LeGrand, a minor, by Lois LeGrand, his mother and next friend; Lois LeGrand; Clodis Yarber, a minor, by Samuel Yarber, his father and next friend; Samuel Yarber; Earline Caldwell; Lillie Caldwell; Gwendolyn Daniels; National Association for the Advancement of Colored People; United States of America, Plaintiffs–Appellees,

City of St. Louis, Plaintiff,

v.

The BOARD OF EDUCATION OF THE CITY OF ST. LOUIS; Hattie R. Jackson, President, Board of Education of the City of St. Louis; Rev. Earl E. Nance, Jr., a member of the Board of Education of the City of St. Louis; Renni B. Shuter, a member of the Board of Education; of the City of St. Louis; Paula V. Smith, a member of the Board of Education of the City of St. Louis; Dr. Albert D. Bender, Sr., a member of the Board of Education of the City of St. Louis; Eddie G. Davis, a member of the Board of Education of the City of St. Louis; Dr. John P. Mahoney, a member of the Board of Education of the City of St. Louis; Marybeth McBryan, a member of the Board of Education of the City of St. Louis; Thomas M. Nolan, a member of the Board of Education of the City of St. Louis; William Purdy, a member of the Board of Education of the City of St. Louis; Robbyn G. Wahby, a member of the Board of Education of the City of St. Louis; Madye Henson Whithead, a member of the Board of Education of the City of St. Louis; Dr. Cleveland Hammonds, Jr., Superintendent of Schools for the City of St. Louis, Defendants–Appellees,

Ronald Leggett, St. Louis Collector of Revenue; State of Missouri; Mel Carnahan, Governor of the State of Missouri; Jeremiah (Jay) W. Nixon, Attorney General; Bob Holden, Treasurer; Richard A. Hanson, Commissioner of Administration; Robert E. Bartman, Commissioner of Education; Missouri State Board of Education, and its members; Thomas R. Davis; Sharon M. Williams; Peter F. Herschend; Jacqueline D. Wellington; Betty E. Preston; Russell V. Thompson; Rice Pete Burns; Special School District of St. Louis County, Defendants,

Affton Board of Education; Bayless Board of Education; Brentwood Board of Education; Clayton Board of Education, Defendants–Appellants,

Ferguson–Florissant Board of Education, Defendant,

Hancock Place Board of Education; Hazelwood Board of Education, Defendants–Appellants,

Jennings Board of Education, Defendant,

Kirkwood Board of Education; LaDue Board of Education; Lindbergh Board of Education, Defendants–Appellants,

Maplewood–Richmond Heights Board
of Education, Defendant,

Mehlville Board of Education,
Defendant–Appellant,

Normandy Board of Education; Parkway
Board of Education, Defendants,

Pattonville Board of Education;
Ritenour Board of Education,
Defendants–Appellants,

Riverview Gardens Board of
Education, Defendant,

Rockwood Board of Education,
Defendant–Appellant,

University City Board of Education,
Defendant,

Valley Park Board of Education; Web-
ster Groves Board of Education,
Defendants–Appellants,

Wellston Board of Education; St. Louis
County; Buzz Westfall, County Execu-
tive; James Baker, Director of Adminis-
tration, St. Louis County, Missouri;
Robert H. Peterson, Collector of St.
Louis County "Contract Account," St.
Louis County, Missouri, Defendants,

The St. Louis Career Education District,
Defendant–Appellee,

St. Louis Teachers' Union, Local 420,
AFT, AFL–CIO, Intervenor
Below.

Nos. 96–2881, 96–3259, 96–3265, 96–3267,
96–3885, 97–1736, 97–1737, 97–1760
and 97–2378.

United States Court of Appeals,
Eighth Circuit.

Submitted July 17, 1997.

Decided Aug. 6, 1997.

Donna A. Smith, St. Louis, MO, argued (Darold E. Crotzer, Jr. and Laurence D. Mass, St. Louis, MO, on the brief, for appellant Special School District in 96–2881, 97–1736 and 97–1760. Douglas A. Copeland, Stephen C. Hiotis, St. Louis, MO, for Webster Groves, Rockwood and Valley Park; Andrew Leonard, Chesterfield, MO, for Kirkwood; Darold E. Crotzer, Jr., Clayton, MO,

for Bayless; Robert G. McClintock, St. Louis, MO, for Ladue; Henry D. Menghini, St. Louis, MO, for Affton and Lindbergh; George J. Bude, Clayton, MO, for Clayton and Hancock Place; John Gianoulakis and Mark J. Bremer, St. Louis, MO, for Pattonville, Mehlville and Ritenour; Robert P. Baine, Jr., St. Louis, MO, for Hazelwood; Thomas E. Tueth and Ian P. Cooper, St. Louis, MO for Brentwood & Parkway, on the brief, for Certain St. Louis County School Districts in case numbers 96–2881, 96–3259, 96–3265 and 96–3267. Sandra A. Padgett, St. Louis, MO, on the brief, for appellant Special School District in case number 97–1760).

Michael Fields, Jefferson City, MO, argued (John J. Lynch, Jefferson City, MO, and Alfred A. Lindseth, Atlanta, GA, on the brief), for appellant State of Missouri.

Mark Keaney, St. Louis, MO, argued (Ronald A. Norwood and Benjamin A. Lipman, St. Louis, MO, on the brief), for appellee St. Louis Career Education District.

Kenneth Brostron, St. Louis, MO, argued (Stephen A. Cooper, Dirk DeYong, Michael W. Roskiewicz and Valerie M. Davis, St. Louis, MO, on the brief, for appellee Board of Education of the City of St. Louis. Alan D. Pratzel, St. Louis, MO, on the brief for the Board in case numbers 97–1760 and 97–2378).

Lisa Edwards, Washington, DC, argued (William R. Yeomans, Dennis J. Dimsey, Washington, DC, on the brief), for United States.

Michael Middleton, Columbia, MO, argued (William L. Taylor and Dianne M. Pitche, Washington, DC, on the brief, for appellees Roderick and Lois LeGrand, Clodis and Samuel Yarber, Earline and Lillie Caldwell and the NAACP. William Douthit, Chesterfield, MO, on the brief, for Michael Liddell, et al.).

Before McMILLIAN, HEANEY, and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

We have consolidated for oral argument and opinion these appeals challenging several recent orders of the United States District Court for the Eastern District of Missouri that modify the vocational education program for the St. Louis metropolitan area. Specifically, these appeals contest the district court's: (1) creation of the St. Louis Career Education District (CED) and appointment of an interim board to direct the CED; (2) determination that as of January 1997 the vocational education system for the St. Louis metropolitan area, then operated by the Special School District of St. Louis County (SSD), had not achieved unitary status; and (3) funding orders designed to ensure operation of the CED for the 1997–98 school year. As a threshold matter, it is argued that the district court abused its discretion in issuing the above orders without holding a hearing and making the necessary findings of fact and conclusions of law based on a developed record. Although we recognize the district court's intimate involvement with this case over the last seventeen years, we agree that it is necessary for the district court to develop the factual record and legal conclusions in a manner that is reviewable by this court. We thus remand to the district court to hold a prompt hearing on the issues raised in this consolidated appeal as well as the unaddressed issues of long-term governance, finance, and structure of the vocational education program in the St. Louis metropolitan area. Thereafter, the district court is to enter a comprehensive order on these matters consistent with the decisions of the United States Supreme Court and this court, the ultimate aim of which will be to ensure that the young men and women of all races— whether they live in the city or the county— will at long last have an equal opportunity to secure a quality, integrated vocational education that will train them to be productive members of the St. Louis metropolitan area.

I.

In the mid–1960s, the State of Missouri established two vocational education systems for the St. Louis metropolitan area: one in St. Louis County and the other in the City of

St. Louis. In 1980, pursuant to actions filed by black parents and teachers, the district court found that the school districts had been established to create a dual system of vocational education: a predominantly white district in St. Louis County and a predominantly black district in the City of St. Louis. *Liddell v. Board of Educ.*, 491 F.Supp. 351, 358 (E.D.Mo.1980). The court further found that the State had the power to merge the dual system and that the State's failure to do so was "part and parcel of the State's failure to eradicate root and branch the dual system it once formally mandated." *Id.* The court directed that the State, the United States, and the Board of Education for the City of St. Louis (City Board) develop a plan for "the consolidation or merger and full desegregation of the separate vocational education programs operated by the [SSD] and the school district of the City of St. Louis, for implementation in the 1981–82 school year." *Id.* at 353. We affirmed. *Liddell v. Board of Educ.*, 667 F.2d 643, 651 (8th Cir.1981). We noted that the SSD had been joined as a defendant and that there was no reason why a consolidated, integrated vocational school could not be opened at the beginning of the 1981–82 school year.

In May 1981, the parties negotiated a settlement agreement that was approved in substance by the district court after a hearing. The agreement did not require the establishment of a consolidated, integrated vocational school, but rather permitted the SSD and the City Board to operate their own vocational schools and set racial goals for each school. The State, as the primary constitutional violator, was given responsibility to fund elements of the plan. The remedy was to be effective for a five-year period. The Metropolitan Coordinating Committee (MCC), made up of representatives from the City Board, the SSD, and the State, was appointed by the court to monitor and administer vocational education and to ensure that the various schools met court-ordered racial balances. This court affirmed. *Liddell v.*

*Board of Educ.*, 677 F.2d 626 (8th Cir.1982). We noted that if the plan did not result in the integration of vocational schools, a complete merger of the city and county systems could be ordered. *Id.* at 636.

In 1986 and 1987, the district court adjusted the 1980 plan, ordering the SSD and the city district to each continue offering vocational education, modifying the racial goals, and requiring the State to pay the costs of interdistrict transportation. *Liddell v. Board of Educ.*, 654 F.Supp. 334, 339, 342 (E.D.Mo.1987); (L(746)86). Because of declining vocational enrollment, the district court also ordered two county technical schools closed, leaving one technical school in the county and one in the city. *Liddell*, 654 F.Supp. at 337. This court approved the revised plan as being within the informed discretion of the district court but ordered the district court to conduct a hearing to determine whether one of the county schools should be closed. *Liddell v. Board of Educ.*, 822 F.2d 1446, 1455–57 (8th Cir.1987). We reminded the district court that it had broad authority to provide a quality, integrated system for the black and white children of the St. Louis metropolitan area, *id.* at 1455, and that if the voluntary plan as ordered did not work, the district court and this court retained the authority to direct a complete merger of the vocational programs with a unified governing and taxing structure. *Id.* at 1460.

The district court conducted a seven-day hearing on the closure issue and the future of integrated vocational education. After the hearing, the district court directed the parties to work out a plan designating the St. Louis Community College as the sole provider of vocational education in the city and the county. *See Liddell v. Board of Educ.*, 733 F.Supp. 1324, 1325 (E.D.Mo.1990) (citing district court order L(2293)89). This attempt failed because turf battles between the City Board and the SSD led the St. Louis Community College to withdraw its participation. *Id.* In 1988, the city's only vocational school was converted into a magnet school. *See Liddell v. Board of Educ.*, 758 F.Supp. 499, 500 (E.D.Mo.1991).

In 1990, the district court stated its "profound lack of confidence in either the City Board or the [SSD]'s ability to manage a secondary vocational-education system which meets the needs of all students and parents" and noted that neither district had demonstrated any interest in renovating the antiquated vocational education system. *Liddell,* 733 F.Supp. at 1325–26. Although the court stated its belief that a single governing entity would be the best way to administer a stable, integrated system, it recognized the difficulties inherent in that option. *Id.* at 1327–28. Focusing on the need for excellence in education, the district court proposed a restructured system whereby the SSD and the City Board would each operate a racially-balanced program and, through incentives and innovation, compete for students. *Id.* at 1328. The State was required to pay the transportation costs for the interdistrict transfers. *Id.* at 1330.

Less than one year later, in January 1991, the district court determined that the 1990 plan was not working and determined that a single, unified provider of vocational education was the only way to ensure that a quality, integrated vocational education would be provided to all the students of the St. Louis metropolitan area. *Liddell,* 758 F.Supp. at 503–05. The district court, without a hearing,[1] designated the SSD as the sole provider of vocational education beginning with the 1991–92 school year. The State was ordered to pay interdistrict transportation and other costs. *Id.* On appeal, we recognized the concern that the SSD, elected exclusively by county residents, might not have the interests of the city students at heart. *Board of Educ. of St. Louis v. Missouri,* 936 F.2d 993, 997 (8th Cir.1991). Nonetheless, noting that the district court retained the power to consolidate the dual system, we agreed with the district court that the SSD was the only existing entity capable of providing a viable, ongoing, voca-

tional education program for both county and city students. *Id.* We emphasized the vital importance of the SSD operating vocational educational facilities in the city. *Id.* at 998. The SSD assured this court that it had both the financial means and the intention to do so. Moreover, we noted that the district court had the power to require the parties to provide the necessary funds for a quality, integrated education. *Id.* at 999.

Rather than opening a city site, as advised by the district court and our court, the SSD reopened one of the two county schools previously closed by court order. For the city, the SSD developed a three-phase plan, which called for the opening of over twenty-five satellite sites, with the possibility of later consolidation of the satellite sites into one facility. Three years later, the MCC reported to the district court that the SSD's performance in complying with its city-site plan was "poor with little prospect for improvement." G(1002)93. The MCC highlighted, in particular, the SSD's failure to provide vocational education to city students: it had made only three of the proposed twenty-five satellite programs available and, after two years, only sixteen students were participating in a city-site program. *Id.* The report also stated that the city programs appeared to receive little support from the SSD administration.

On March 22, 1995, the MCC and the SSD issued a joint report which recognized that under the SSD's administration, the opportunities for city and county students for vocational education were uneven. G(1511)95. They recommended the appointment of a planning body to develop the specific operating details for implementing a comprehensive vocational education program. Specifically, the planning board should consider a single, independent entity to administer vocational education for city and county students and the establishment of one or more four-year academies, at least one to be located in the

---

1. The City Board, the Liddell plaintiffs, and the St. Louis teachers' union asserted that they were entitled to a hearing on the matter. *Board of Educ. v. Missouri,* 936 F.2d 993, 996 (8th Cir. 1991). The SSD argued that a hearing was unnecessary. Because the district court previously held a comprehensive seven-day hearing, which included the issue of single governance, we agreed that no hearing was required. *Id.* at 996–97.

city. The planning committee was to make recommendations with respect to the level and sources of funding. The joint report suggested that July 1996 was a realistic date for transition to the new program and that when the designated entity began to provide vocational education, the court should declare vocational education in the city and county unitary.

On April 26, 1995, after all parties had an opportunity to comment, the district court found "that the current vocational education plan is not achieving the goals of this case" and that the need for a four-year academy in the city was supported by the record and would be a major step toward compliance with earlier court orders. G(1562)95. Agreeing with the joint report, the district court stated that the "creation of a new independent governing entity [to be called the Career Education District (CED) ] would best ensure the delivery of a quality, integrated vocational education system for all students in the St. Louis area." *Id.* Accordingly, the court appointed a planning coordinator who was to report to the court on a proposed schedule and budget for the planning process. It ordered that the SSD continue to be the sole provider for vocational education for the 1995–96 school year. No appeal was taken from this order.

On March 21, 1996, after considering budget recommendations, the district court ordered the SSD to pay to the CED $2.45 million as interim funding. The SSD promptly appealed. This court issued a stay. While the appeal was pending, the CED, the State of Missouri, the City Board, and the SSD entered into a joint stipulation and settlement agreement that provided for the establishment of an interim vocational education site in St. Louis with the State, the City Board, and the SSD each to pay an equal amount for the operation of the school for the 1996–97 school year. G(2084)96. The SSD's appeal was withdrawn.

On June 25, 1996, the district court entered an order creating the CED. G(2122)96. It named the initial members of the board of education and directed the State, the City Board, and the SSD each to pay the CED's fiscal agent $330,444 on or before July 1,

1996; September 3, 1996; and January 15, 1997. The State, the City Board, and the SSD all appeal or cross-appeal from this order.

On July 10, 1996, the SSD filed a motion seeking a declaration that the vocational educational system had achieved unitary status and requesting the court to relinquish control of the system and to return control to state and local authorities. The SSD requested a hearing. Baffled by the timing of the SSD's motion after the creation of the CED, the district court denied the motion without a hearing. G(2288)97. Consistent with its April 1995 order, the district court reiterated that the record documented the SSD's failure to accomplish the goal of providing a quality, integrated vocational education system for St. Louis area students. The State and the SSD also appeal this order.

On March 21, 1997, the district court ordered the SSD to transfer $490,780 to the CED on or before the 28th of that month to be used by the CED for the 1997–98 school year. It noted that the SSD had unspent vocational education funds of $532,200 from the 1996–97 school year. The SSD and certain St. Louis County school districts appeal this order.

On May 8, 1997, the district court ordered the CED to assume responsibility for operating all secondary vocational public education in the city and county of St. Louis. The court set a hearing to consider proposals for the CED's 1997–98 budget. On June 13, 1997, after a two-day hearing, the district court adopted a $22 million budget with the City Board to provide $7.2 million and the SSD to provide $14.8 million to the CED. G(2450)97. It ordered the State to continue to provide the city-to-county and county-to-city transportation, the SSD to lease three county technical schools to the CED for $1. per site, and the State to pay $800,000 to the CED by July 15, 1997 for the renovation of Southwest High School to accommodate an additional 120 students.

The SSD moved this court to stay the order pending resolution of the above appeals. It suggested as an alternative that to maintain the status quo for the 1997–98 school year, the CED operate the city site, known as the Career Academy, and the SSD operate the three vocational schools in the county; it further proposed that the CED receive the same amount for the 1997–98 school year as it received for the prior year, less the one-time, start-up and capital costs and including the cost of educating 120 new students. We granted the stay until July 17, 1997, when the above appeals were argued and submitted. The following day, in anticipation of this opinion, we ordered modification of the district court's June 13, 1997 order.

## II.

These appeals challenge the district court's orders creating the CED, denying unitary status, and providing the CED with interim funding. As part of each appeal, it is argued that the district court erred in failing to hold an evidentiary hearing and to make the necessary findings of fact and conclusions of law before it issued these orders. It is countered that the district court's decisions were fully supported by the record. The district court had before it numerous status and monitoring reports to which the parties had an opportunity to respond. Moreover, the court has been closely monitoring this school desegregation case for nearly seventeen years, giving it an intimate knowledge of its history and development.

■ We acknowledge that in this long and protracted case the district court has issued several orders modifying the original plan without holding a formal hearing and that, on several occasions, we have sustained these orders. Those past decisions, which either have not been appealed or have been appealed and affirmed, are the law of the case and need not be revisited. The importance of the decisions on appeal, however, necessitates a formal hearing and detailed findings by the

district court to support its decision. While the record is replete with information in the form of written documents that if accepted in full may well support the district court's denial of unitary status, the parties are entitled to more, and this court must have more to review the district court's decision. As the Supreme Court admonished this court, where there is a need for detailed articulation of findings, we should not attempt to assemble an adequate record from the various reports that have been filed by the parties or by court-appointed committees followed by district court orders. *See Missouri v. Jenkins,* 515 U.S. 70, 100–02, 115 S.Ct. 2038, 2055, 132 L.Ed.2d 63 (1995) (requiring a hearing for determination of partial unitary status). Accordingly, we must remand the appealed orders to the district court for a formal hearing followed by comprehensive and detailed findings of fact and conclusions of law.

■ It is imperative that all of the issues now before us be addressed in a single, comprehensive proceeding and resolved well before the start of the 1998–99 school year. As to the unitary status motion, there is no doubt that the vocational education program in the St. Louis metropolitan area was racially segregated. *See Liddell,* 491 F.Supp. at 358 (finding a dual system had been created for vocational education). Thus, as the Supreme Court has made clear, it must be demonstrated that all steps necessary to eliminate the vestiges of an unconstitutional de jure system have been taken. *Freeman v. Pitts,* 503 U.S. 467, 485, 112 S.Ct. 1430, 1442–43, 118 L.Ed.2d 108 (1992); *Board of Educ. v. Dowell,* 498 U.S. 237, 245–46, 111 S.Ct. 630, 635–36, 112 L.Ed.2d 715 (1991); *Green v. County Sch. Bd.,* 391 U.S. 430, 439, 88 S.Ct. 1689, 1694–95, 20 L.Ed.2d 716 (1968). In this inquiry, the district court should be guided by the broad goal of providing equal opportunities for quality, integrated vocational education for both city and county students, particularly the long-standing concern that a vocational education facility be located in the city.[2] *See Liddell,* 936 F.2d at 998.

---

**2.** We do not hold or imply that each of the twelve court-ordered goals as outlined in the

Should the district court determine that unitary status has not yet been attained, it must then turn to the question of the appropriate remedy at this stage in light of the goals of this case and the previous attempts to achieve a quality, integrated vocational education system. As set forth at length in this opinion, the district court has pursued several alternatives that have to date proved unsuccessful. If the court so determines once again, it must fashion a remedy that is now feasible and most promising to be effective in light of what has already been tried. *See Green,* 391 U.S. at 439, 88 S.Ct. at 1694–95 (listing several inquiries for assessing the effectiveness of a plan to disestablish state-imposed segregation). Whether or not the district court adheres to its decision to establish a single independent body to administer vocational education in both the city and the county, it must set forth in a reasoned, detailed decision the basis for the remedy it imposes. *Jenkins III,* 515 U.S. at 100–02, 115 S.Ct. at 2055.

In addition, the district court must determine how the remedy will be administered, including the questions of governance, funding, and structure, beyond the 1997–98 school year. In the interest of judicial economy and the need for stability for students, parents, and faculty, it is critical that a decision be reached promptly so that, in the event of further appeals, there is no disruption to the 1998–99 school year.

Pending resolution of this matter, vocational education must continue. Recognizing the practical difficulties inherent in any interim plan, we believe the preferable alternative is to leave the administration of vocational education as it was during the 1996–97 school year. *Cf. Dayton Bd. of Educ. v. Brinkman,* 433 U.S. 406, 421 (1977) (permitting plan from previous school year to remain in effect pending resolution of appropriate remedy). Accordingly, the CED shall continue to oper-

ate the Career Academy at Southwest High School for the 1997–98 school year, including the acceptance of a new class of approximately 120 students. The SSD shall continue to operate the three county technical vocational schools for the 1997–98 school year and will assume the use and responsibility for maintenance of the facilities. The CED and the SSD shall be funded from the sources identified in the district court's June 13, 1997 order so as to permit each of them to operate their respective vocational schools in accordance with the 1997–98 budget.[3] The State shall pay $800,000 to the CED to be used for the purposes specified in the June 13, 1997 order. The State shall also continue to fund the costs of transportation for city-to-county and county-to-city transfers.

Representatives of the CED and the SSD shall meet immediately with the district court to resolve the details necessary to implement this plan, such as curriculum, faculty and staff, computers, and bussing schedules. The record in this case as to cooperation between the parties and with the district court is not impressive. Cooperation is now essential to meet the needs of students who desire a vocational education, and the district court should issue the orders necessary to achieve this end. We know that a formal hearing followed by factual findings is impossible if all questions relating to the 1997–98 school year are to be resolved in time for the school year to proceed as scheduled. Thus, the district court may make any orders it believes are necessary for the coming school year without further hearings or findings of fact.

The time has come to move beyond turf battles between the State, the city schools, and the county schools. Students of all races, whether they live in the city or the county, are entitled to an opportunity to have a quality, integrated vocational education now, not at some distant time. Accordingly,

March 7, 1996 report of the Vocational Education Oversight Office must be achieved to meet constitutional requirements for the establishment of unitary status. It is for the district court to determine whether or the extent to which each of the goals must be achieved to meet constitutional standards and to do this after hearing and factfinding.

3. In addition, the district court may need to reconsider its March 21, 1997 order requiring the SSD to transfer $490,780 to the CED in light of our reallocation of responsibilities for vocational education for the 1997–98 school year.

we remain to the district court for actions consistent with this opinion.