**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

No. 97-4164

Michael C. Liddell, a minor, by
Minnie Liddell, his mother and next
friend; Kendra Liddell, a minor,
by Minnie Liddell, her mother and next
friend; Minnie Liddell; Roderick D.
LeGrand, a minor, by Lois LeGrand,
his mother and next friend; Lois
LeGrand; Clodis Yarber, a minor, by
Samuel Yarber, his father and
friend; Samuel Yarber; Earline Caldwell;
Lillie Caldwell; Gwendolyn Daniels;
National Association for the
Advancement of Colored People;
United States of America;

    Plaintiffs-Appellees;

City of St. Louis;

    Plaintiff;

      v.

Appeal from the United States
District Court for the
Eastern District of
Missouri.

The Board of Education of the City of
St. Louis; Hattie R. Jackson, President,
Board of Education of the City of St.
Louis; Rev. Earl E. Nance, Jr., a
member of the Board of Education of
the City of St. Louis; Renni B. Shuter,

a member of the Board of Education;
of the City of St. Louis; Paula V.
Smith, a member of the Board of Educa-
tion of the City of St. Louis; Dr. Albert
D. Bender, Sr., a member of the Board
of Education of the City of St. Louis;
Eddie G. Davis, a member of the Board
of Education of the City of St. Louis;
Dr. John P. Mahoney, a member of the
Board of Education of the City of St.
Louis; Marybeth McBryan, a member
of the Board of Education of the City
of St. Louis; Thomas M. Nolan, a
member of the Board of Education of
the City of St. Louis; William Purdy, a
member of the Board of Education of
the City of St. Louis; Robbyn G. Wahby,
a member of the Board of Education of
the City of St. Louis; Madye Henson
Whithead, a  member of the Board of
Education of the City of St. Louis;
Dr. Cleveland Hammonds, Jr., Super-
intendent of     Schools for the City of St.
Louis;                                        *

        Defendants-Appellees;*

Ronald Leggett, St. Louis Collector of
Revenue;                        *

              Defendant;       *

State of Missouri; Mel Carnahan,
Governor of the State of Missouri;
Jeremiah (Jay) W. Nixon, Attorney
General; Bob Holden, Treasurer;
Richard  A. Hanson, Commissioner of
Administration; Robert E. Bartman,

2

Commissioner of Education; Missouri     *
State Board of Education, and its       *
members; Thomas R. Davis;               *
Sharon M. Williams;  Peter F.           *
Herschend; Jacqueline D. Wellington;    *
Betty E. Preston; Russell V. Thompson;  *
Rice Pete Burns; William Kahn;          *
                                        *
        Defendants-Appellees;           *
                                        *
Special School District of St. Louis    *
County;                                 *
                                        *
        Defendant-Appellant;            *
                                        *
Affton Board of Education; Bayless      *
Board of Education; Brentwood           *
Board of Education; Clayton Board of    *
Education; Ferguson-Florissant Board    *
of Education; Hancock Place Board of    *
Education; Hazelwood Board of           *
Education; Jennings Board of Education; *
Kirkwood Board of Education; LaDue      *
Board of Education; Lindbergh Board of  *
Education; Maplewood-Richmond           *
Heights Board of Education; Mehlville   *
Board of Education; Normandy Board      *
of Education; Parkway Board of          *
Education; Pattonville Board of Educa-  *
tion; Ritenour Board of Education;      *
Riverview Gardens Board of Education;   *
Rockwood Board of Education;            *
University City Board of Education;     *
Valley Park Board of Education;         *
Webster Groves Board of Education;      *
Wellston Board of Education;            *
                                        *

3

                Defendants-Appellees;*
                                       *
St. Louis County; Buzz Westfall, County *
Executive; James Baker, Director of    *
Administration, St. Louis County,      *
Missouri; Robert H. Peterson, Collector *
of St. Louis County "Contract Account," *
St. Louis County, Missouri; *
                                       *
                Defendants;*
                                       *
The St. Louis Career Education *
District;                              *
                                       *
        Defendant-Appellee;*
                                       *
St. Louis Teachers' Union, Local 420, *
AFT, AFL-CIO;                          *
                                       *
        Intervenor Below.   *

                                  _____

                    Submitted: February 25, 1998

                         Filed: April 28, 1998
                                  _____

Before MCMILLIAN, HEANEY, and FAGG, Circuit Judges.
                                  _____

HEANEY, Circuit Judge.

      In this continuing desegregation litigation, the Special School District of St. Louis County (SSD) appeals from the district court's September 22, 1997 order (G(2568)97) relating to the quality-education goals for vocational education.  Because

                                       4

the district court's October 22, 1997 order (G(2594)97) eliminated the SSD's obligations relating to the quality-education goals, the appeal is moot and we dismiss.

## I.

In 1991, the district court designated the SSD as the sole provider of vocational education for students in the City and County of St. Louis. In 1993, the district court ordered its monitoring committee, the Metropolitan Coordinating Council (MCC), to develop twelve quality-education goals by which SSD's performance under the desegregation remedy would be measured. The district court subsequently adopted the twelve goals proposed by the MCC. The SSD did not appeal.

On June 25, 1996, the district court created the Career Education District (CED) in an attempt to improve the administration of vocational education. For the 1996-97 school year, the CED operated the city vocational education program. On May 8, 1997, the district court ordered the CED to assume responsibility for operating the entire vocational education program as of July 1, 1997. The SSD appealed from that order, and we held that for the 1997-98 school year, the CED would continue to operate the city vocational education program and the SSD would continue to run the county vocational education program. See Liddell v. Board of Educ., 121 F.3d 1201, 1217 (8th Cir. 1997).

On September 22, 1997, the district court entered order G(2568)97 in which it required (1) the SSD and CED to file enrollment reports for both semesters of the 1997-98 school year; (2) the Vocational Education Oversight Office (VEOO), the MCC's successor, to update the quality-education goals for the 1996-97 and 1997-98 school years and note which goals were applicable to the CED; (3) the SSD and CED to file a report as to their progress in attaining those goals for the 1996-97 school year; (4) the SSD to file the results of the Program Effectiveness Review (PER) for the 1996-97 school year; and (5) the SSD to recruit students for the county vocational education

program and the CED to recruit students for the city vocational education program for the 1998-99 school year. On October 22, 1997, the district court entered order G(2594)97 in which it vacated that part of order G(2568)97 relating to the SSD's and CED's reporting obligations on the twelve quality-education goals and PER for the 1996-97 school year.

On appeal, the SSD argues that the district court erred in requiring it to report on and meet the twelve goals for the 1997-98 school year. Specifically, the SSD argues that the district court lacked the authority to impose the twelve goals because no identified constitutional violation nor factual foundation supported their imposition. Alternatively, the SSD points out that, because the district court had scheduled a hearing for January 1998 at which it would make legal and factual findings relevant to determining the validity of the twelve goals, the district court's order was at best premature.

## II.

The SSD misconstrues the district court's orders. Order G(2568)97 mandated, among other things, reporting requirements on the twelve quality-education goals and PER only for the 1996-97 school year. Order G(2594)97 amended G(2568)97 and released the SSD from those requirements. In addition, G(2568)97 asked the VEOO to update the twelve quality-education goals for the 1996-97 and 1997-98 school years, but imposed no obligations on the SSD relating to the goals for these years. Insofar as the SSD appeals from the district court requiring a 1997-98 obligation as to the quality-education goals, we dismiss the appeal as moot.

We are not convinced that the SSD's challenge to the validity of the twelve quality-education goals is properly before us. While we need not address the issue, we make the following observations. First, we note that the SSD did not appeal the original district court order which initially approved and adopted the twelve quality-

education goals.  Second, no order approving any goals updated by the VEOO is before us.  In fact, the district court recently held a hearing and issued a Memorandum Opinion in which it has made extensive factual and legal findings relevant to the administration of vocational education.  See Liddell v. Board of Educ., No. 72-0100C(6) (E.D. Mo. 1998), appeal docketed, No. 98-1710 (8th Cir. Mar. 17, 1998).  Specifically, the district court ordered that, as of July 1, 1998, the SSD shall no longer provide vocational education in the St. Louis area.  Id. at 12.  That order has been appealed but we have not yet heard oral argument.  We refrain from addressing the issue not yet properly before this court.

## III.

Accordingly, we dismiss the appeal as moot.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.