**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

———————

Nos. 97-3342 and 97-3526

———————

Michael C. Liddell, a minor, by    *
Minnie Liddell, his mother and next    *
friend; Kendra Liddell, a minor,    *
by Minnie Liddell, her mother and next    *
friend; Minnie Liddell; Roderick D.    *
LeGrand, a minor, by Lois LeGrand,    *
his mother and next friend; Lois    *
LeGrand; Clodis Yarber, a minor, by    *
Samuel Yarber, his father and next    * Appeals from the United States
friend; Samuel Yarber; Earline Caldwell;    * District Court for the
Lillie Caldwell; Gwendolyn Daniels;    * Eastern District of
Missouri.   
National Association for the    *
Advancement of Colored People;    *
United States of America; City of St.    *
Louis;    *
   *
       Plaintiffs;   *
   *
     v.    *
   *

The Board of Education of the City of    *
St. Louis; Hattie R. Jackson, President,    *
Board of Education of the City of St.    *
Louis; Rev. Earl E. Nance, Jr., a    *
member of the Board of Education of    *
the City of St. Louis; Renni B. Shuter,    *
a member of the Board of Education;    *
of the City of St. Louis; Paula V.    *
Smith, a member of the Board of Educa-    *

tion of the City of St. Louis; Dr. Albert * D. Bender, Sr., a member of the Board * of Education of the City of St. Louis; * Eddie G. Davis, a member of the Board * of Education of the City of St. Louis; * Dr. John P. Mahoney, a member of the * Board of Education of the City of St. * Louis; Marybeth McBryan, a member * of the Board of Education of the City * of St. Louis; Thomas M. Nolan, a * member of the Board of Education of * the City of St. Louis; William Purdy, a * member of the Board of Education of * the City of St. Louis; Robbyn G. Wahby, * a member of the Board of Education of * the City of St. Louis; Madye Henson * Whithead, a member of the Board of * Education of the City of St. Louis; * Dr. Cleveland Hammonds, Jr., Super- * intendent of     Schools for the City of St. * Louis;                                   *
                                          *
    Defendants-Appellants; *
                                          *
Ronald Leggett, St. Louis Collector of * Revenue;                              *
           Defendant;      *
                                          *
State of Missouri; Mel Carnahan, * Governor of the State of Missouri; * Jeremiah (Jay) W. Nixon, Attorney * General; Bob Holden, Treasurer; * Richard  A. Hanson, Commissioner of * Administration; Robert E. Bartman, * Commissioner of Education; Missouri * State Board of Education, and its * members; Thomas R. Davis;    *

Sharon M. Williams; Peter F. *
Herschend; Jacqueline D. Wellington; *
Betty E. Preston; Russell V. Thompson; *
Rice Pete Burns; William Kahn; *
Special School District of St. Louis *
County; *
                                       *
    Defendant-Appellees;              *
                                       *
Affton Board of Education; Bayless *
Board of Education; Brentwood *
Board of Education; Clayton Board of *
Education; Ferguson-Florissant Board *
of Education; Hancock Place Board of *
Education; Hazelwood Board of *
Education; Jennings Board of Education; *
Kirkwood Board of Education; LaDue *
Board of Education; Lindbergh Board of *
Education; Maplewood-Richmond *
Heights Board of Education; Mehlville *
Board of Education; Normandy Board *
of Education; Parkway Board of *
Education; Pattonville Board of Educa- *
tion; Ritenour Board of Education; *
Riverview Gardens Board of Education; *
Rockwood Board of Education; *
University City Board of Education; *
Valley Park Board of Education; *
Webster Groves Board of Education; *
Wellston Board of Education; *
St. Louis County; Buzz Westfall, County *
Executive; James Baker, Director of *
Administration, St. Louis County, *
Missouri; Robert H. Peterson, Collector *
of St. Louis County "Contract Account," *
St. Louis County, Missouri; *
                                       *

3

```
              Defendants;*
                        *
The St. Louis Career Education*
District;                *
                        *
        Defendant-Appellee;
                        *
St. Louis Teachers' Union, Local 420,
AFT, AFL-CIO;            *
                        *
        Intervenor Below.  *
```

Submitted: February 25, 1998

Filed: April 28, 1998

Before MCMILLIAN, HEANEY, and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

## I.

The Board of Education of the City of St. Louis (Board) appeals two district court orders that establish the 1997-98 budget for the St. Louis area vocational education program. Because the Board failed to show clear error and manifest injustice and the district court did not abuse its discretion, we affirm.

## II.

In a Memorandum Opinion filed on June 13, 1997, the district court established $22,077,001 as the 1997-98 budget for the entire St. Louis vocational education

system. At that time, the district court had determined that the Career Education District (CED) would run the entire vocational education program, which consisted of one city vocational high school and three county vocational high schools. The district court imposed 1997-98 budget obligations on the Special School District (SSD) and the Board in the amount of $14,837,851 and $7,239,145, respectively. In allocating these obligations, the district court based its calculations on each district's October 1, 1996 Full Time Equivalent (FTE) enrollment of students in the four vocational education high schools.[1]

On July 17, 1997, we heard oral argument on consolidated appeals, including the issue of the 1997-98 vocational education budget. On July 18, 1997, in anticipation of our written opinion, we ordered that for the 1997-98 school year, the CED would run the city school and the SSD would run the three county schools. In our August 6, 1997 opinion, we stated: "The CED and the SSD shall be funded from the sources identified in the district court's June 13, 1997 order so as to permit each of them to operate their respective vocational schools in accordance with the 1997-98 budget." Liddell v. Board of Educ., 121 F.3d 1201, 1217 (8th Cir. 1997). We then directed that representatives of the CED and SSD meet with the district court immediately to work out the details of this plan.

On August 14, 1997, after twice meeting with the parties and receiving submissions from the CED, SSD, and Board, the district court determined that, of the $22,077,001 1997-98 budget that we had authorized, $3,836,505 would be allocated to the CED to run the city school and $18,240,496 would be allocated to the SSD to run the three county schools.

---

[1]The district court determined that there were 1,842 total FTEs, including 604 city residents and 1,238 county residents, which resulted in a cost per FTE of $11,985.34.

The Board appeals from the June 13, 1997 and August 14, 1997 district court orders and argues that our Liddell opinion established a cap on its funding obligations and that the district court abused its discretion in determining the Board's funding obligations. We disagree.

The Board correctly points out that the parties to this case are bound by decisions of this court and "[w]e will reconsider a previously decided issue only on a showing of clear error and manifest injustice." Liddell v. Missouri, 731 F.2d 1294, 1304-05 (8th Cir. 1984) (citations omitted).

As previously noted, we approved the 1997-98 budget figures in the district court's June 13, 1997 order establishing the Board's liability at $7,239,145. See Liddell, 121 F.3d at 1217. Because the Board has failed to show clear error or manifest injustice, we will not reconsider our approval of those figures. While we believe that this disposes of the question, even if we were to reconsider the 1997-98 budget figures, we would be unable to find that the district court abused its discretion in basing its calculations on the FTE enrollment of students in the vocational schools.

Once we approved the $22,077,001 total budget, we asked the district court to allocate those funds between the CED and SSD. Because the Board is not appealing the allocation of funds between the CED and SSD (see Board Br. at 15), we refrain from deciding, as we surely would, that the district court's allocation of the 1997-98 vocational education budget funds was not an abuse of discretion.

## III.

Because the Board has failed to show clear error and manifest injustice and the district court did not abuse its discretion, we affirm the district court.

6

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.