142 F.3d 1106
 126 Ed. Law Rep. 121
 Michael C. LIDDELL, a minor, by Minnie LIDDELL, his mother
and next friend; Kendra Liddell, a minor, by Minnie
Liddell, her mother and next friend; Minnie Liddell;
Roderick D. LeGrand, a minor, by Lois LeGrand, his mother
and next friend; Lois LeGrand; Clodis Yarber, a minor, by
Samuel Yarber, his father and next friend; Samuel Yarber;
Earline Caldwell; Lillie Caldwell; Gwendolyn Daniels;
National Association for the Advancement of Colored People;
United States of America; City of St. Louis, Plaintiffs,
v.
The BOARD OF EDUCATION OF THE CITY OF ST. LOUIS; Hattie R.
Jackson, President, Board of Education of the City of St.
Louis; Rev. Earl E. Nance, Jr., a member of the Board of
Education of the City of St. Louis; Renni B. Shuter, a
member of the Board of Education; of the City of St. Louis;
Paula V. Smith, a member of the Board of Education of the
City of St. Louis; Dr. Albert D. Bender, Sr., a member of
the Board of Education of the City of St. Louis; Eddie G.
Davis, a member of the Board of Education of the City of St.
Louis; Dr. John P. Mahoney, a member of the Board of
Education of the City of St. Louis; Marybeth McBryan, a
member of the Board of Education of the City of St. Louis;
Thomas M. Nolan, a member of the Board of Education of the
City of St. Louis; William Purdy, a member of the Board of
Education of the City of St. Louis; Robbyn G. Wahby, a
member of the Board of Education of the City of St. Louis;
Madye Henson Whithead, a member of the Board of Education of
the City of St. Louis; Dr. Cleveland Hammonds, Jr.,
Superintendent of Schools for the City of St. Louis,
Defendants-Appellants,
Ronald Leggett, St. Louis Collector of Revenue, Defendant,
State of Missouri; Mel Carnahan, Governor of the State of
Missouri; Jeremiah (Jay) W. Nixon, Attorney General; Bob
Holden, Treasurer; Richard A. Hanson, Commissioner of
Administration; Robert E. Bartman, Commissioner of
Education; Missouri State Board of Education, and its
members; Thomas R. Davis; Sharon M. Williams; Peter F.
Herschend; Jacqueline D. Wellington; Betty E. Preston;
Russell V. Thompson; Rice Pete Burns; William Kahn;
Special School District of St. Louis County, Defendant-Appellees,
Affton Board of Education; Bayless Board of Education;
Brentwood Board of Education; Clayton Board of Education;
Ferguson-Florissant Board of Education; Hancock Place Board
of Education; Hazelwood Board of Education; Jennings Board
of Education; Kirkwood Board of Education; LaDue Board of
Education; Lindbergh Board of Education;
Maplewood-Richmond Heights Board of Education; Mehlville
Board of Education; Normandy Board of Education; Parkway
Board of Education; Pattonville Board of Education;
Ritenour Board of Education; Riverview Gardens Board of
Education; Rockwood Board of Education; University City
Board of Education; Valley Park Board of Education;
Webster Groves Board of Education; Wellston Board of
Education; St. Louis County; Buzz Westfall, County
Executive; James Baker, Director of Administration, St.
Louis County, Missouri; Robert H. Peterson, Collector of
St. Louis County "Contract Account," St. Louis County,
Missouri, Defendants,
The St. Louis Career Education District, Defendant-Appellee,
St. Louis Teacher' Union, Local 420, AFT, AFL-CIO, Intervenor Below.
 Nos. 97-3342, 97-3526.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 25, 1998.
Decided April 28, 1998.
 
 Kenneth C. Broston, St. Louis, MO, argued (Dirk DeYong, Robert E. McWilliams, Jr., and Alan D. Pratzel, on the brief), for Appellants.
 Donna A. Smith, St. Louis, MO, argued (Darold E. Crotzer, Jr., Mark T. Keaney, Ronald A. Norwood, and Benjamin A. Lipman, on the briefs), for Appellees.
 Before McMILLIAN, HEANEY, and FAGG, Circuit Judges.
 HEANEY, Circuit Judge.
 I.
 The Board of Education of the City of St. Louis (Board) appeals two district court orders that establish the 1997-98 budget for the St. Louis area vocational education program. Because the Board failed to show clear error and manifest injustice and the district court did not abuse its discretion, we affirm.
 
 II.
 
 1
 In a Memorandum Opinion filed on June 13, 1997, the district court established $22,077,001 as the 1997-98 budget for the entire St. Louis vocational education system. At that time, the district court had determined that the Career Education District (CED) would run the entire vocational education program, which consisted of one city vocational high school and three county vocational high schools. The district court imposed 1997-98 budget obligations on the Special School District (SSD) and the Board in the amount of $14,837,851 and $7,239,145, respectively. In allocating these obligations, the district court based its calculations on each district's October 1, 1996 Full Time Equivalent (FTE) enrollment of students in the four vocational education high schools.[1]
 
 
 2
 On July 17, 1997, we heard oral argument on consolidated appeals, including the issue of the 1997-98 vocational education budget. On July 18, 1997, in anticipation of our written opinion, we ordered that for the 1997-98 school year, the CED would run the city school and the SSD would run the three county schools. In our August 6, 1997 opinion, we stated: "The CED and the SSD shall be funded from the sources identified in the district court's June 13, 1997 order so as to permit each of them to operate their respective vocational schools in accordance with the 1997-98 budget." Liddell v. Board of Educ., 121 F.3d 1201, 1217 (8th Cir.1997). We then directed that representatives of the CED and SSD meet with the district court immediately to work out the details of this plan.
 
 
 3
 On August 14, 1997, after twice meeting with the parties and receiving submissions from the CED, SSD, and Board, the district court determined that, of the $22,077,001 1997-98 budget that we had authorized, $3,836,505 would be allocated to the CED to run the city school and $18,240,496 would be allocated to the SSD to run the three county schools.
 
 
 4
 The Board appeals from the June 13, 1997 and August 14, 1997 district court orders and argues that our Liddell opinion established a cap on its funding obligations and that the district court abused its discretion in determining the Board's funding obligations. We disagree.
 
 
 5
 The Board correctly points out that the parties to this case are bound by decisions of this court and "[w]e will reconsider a previously decided issue only on a showing of clear error and manifest injustice." Liddell v. Missouri, 731 F.2d 1294, 1304-05 (8th Cir.1984) (citations omitted).
 
 
 6
 As previously noted, we approved the 1997-98 budget figures in the district court's June 13, 1997 order establishing the Board's liability at $7,239,145. See Liddell, 121 F.3d at 1217. Because the Board has failed to show clear error or manifest injustice, we will not reconsider our approval of those figures. While we believe that this disposes of the question, even if we were to reconsider the 1997-98 budget figures, we would be unable to find that the district court abused its discretion in basing its calculations on the FTE enrollment of students in the vocational schools.
 
 
 7
 Once we approved the $22,077,001 total budget, we asked the district court to allocate those funds between the CED and SSD. Because the Board is not appealing the allocation of funds between the CED and SSD (see Board Br. at 15), we refrain from deciding, as we surely would, that the district court's allocation of the 1997-98 vocational education budget funds was not an abuse of discretion.
 
 III.
 
 8
 Because the Board has failed to show clear error and manifest injustice and the district court did not abuse its discretion, we affirm the district court.
 
 
 
 [1]
 The district court determined that there were 1,842 total FTEs, including 604 city residents and 1,238 county residents, which resulted in a cost per FTE of $11,985.34